**Joseph F. OLIVARES, Plaintiff–Appellant,**

v.

**PERFORMANCE CONTRACTING GROUP; Illinois National Insurance Company; AIG Claims Services, Defendants–Appellees.**

No. 03–1215.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2003.

**604**

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.[*]

### ORDER

Joseph F. Olivares, proceeding pro se, appeals a district court judgment and a post-judgment order in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Olivares sued Performance Contracting Group, a. k. a. Performance Abatement Services, Inc., Illinois National Insurance Co., and AIG Claims Services, Inc., for conspiring to deprive him of his due process right to a fair hearing before a Michigan worker's compensation board by obtaining a preliminary injunction against him in an Indiana state court and by causing him to litigate in both Indiana and Michigan state courts. Olivares also raised supplemental state law claims. The district court sua sponte dismissed the action for lack of subject matter jurisdiction, reasoning that the *Rooker–Feldman* doctrine barred Olivares's attempt to collaterally attack the state court orders in federal court. The court also declined to exercise supplemental jurisdiction over Olivares's state law claims. Olivares then filed a post-judgment motion pursuant to Fed. R.Civ.P. 10(c), 15(d), and 26, which the district court denied.

In his timely appeal, Olivares essentially reasserts his claims. He also moves for miscellaneous relief.

Whether the district court properly dismissed an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is a question of law subject to de novo review. *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990).

■ Upon de novo review, we conclude that the district court properly dismissed the complaint and post-judgment motion for lack of subject matter jurisdiction. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker–Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are "inextricably intertwined"

[*] The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

with a state court's decision rendered in a judicial proceeding. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149; *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998). Olivares's constitutional claims are inextricably intertwined with the state courts' decisions in Michigan and Indiana and are not subject to review.

■ After the district court dismissed the federal claims, it properly declined to exercise jurisdiction over the state law claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, all pending motions are denied, and the district court's judgment and order are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.